UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MARTE MORA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO. 3:09-CV-0496 WL |
| JAMES OLIVER HARTSON, *et al.*, | ) ) ) |
| Defendants. | ) |

OPINION AND ORDER

Plaintiff Marte Mora, submitted a civil complaint naming Dr. James Hartson, M.D., St. Anthony Medical Center, and unidentified St. Anthony employees as defendants. He has not paid the filing fee or explicitly requested *in forma pauperis* status. Because he has not tendered the filing fee, the court assumes for the purposes of this memorandum that he wishes to proceed *in forma pauperis*.

Mora states in his complaint that the defendants violated his federally protected rights, though he "cannot with exactitude tell this Court which of his constitutional, federal law rights, privileges or immunities were violated by the Defendants." (DE 1 at 2). He alleges that he broke his leg on May 18, 2005, and prison officials sent him to St. Anthonys, where Dr. Hartson treated him. Mora states that Dr. Hartson **"KNEW"** that the Plaintiff's medical condition constituted one legitimate serious medical need," (DE 1 at 5) (Emphasis in original), and that after surgery he would need physical therapy. Mora claims that nevertheless, "Dr. Hartson **"FAILED"** to order, recommend, [or] suggest for the aforementioned medical and physical therapy treatments for his patient's tangible residual

injury." (DE 1 at 6-7) (Emphasis in original). He also alleges that other hospital staff members forged and falsified his hospital medical records and that someone forged his signature on hospital documents.

Pursuant to 28 U.S.C. § 1915, indigent litigants may proceed without prepayment of fees, which prevents poverty from becoming an impediment to the adjudication of legitimate claims in the federal courts. To prevent abusive, captious or meritless litigation, however, federal courts are authorized to dismiss a claim filed *in forma pauperis* if the allegation of poverty is untrue or if the action or appeal is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages from an immune defendant. 28 U.S.C. §1915(e)(2). Section 1915(e)(2)(B) requires a court to *sua sponte* dismiss a complaint filed *in forma pauperis* at any time if the court determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mora's complaint in this case names Dr. Hartson, St. Anthony Medical Center, and unidentified St. Anthony employees as defendants. The records of this court establish that on June 1, 2007, Mora filed a civil claim pursuant to 42 U.S.C. § 1983 against St. Anthony Medical Center and other defendants, *Mora v. Westville Correctional Facility*, 3:07cv259 WL, alleging that he. broke his leg on May 18, 2005, and that the defendants deprived him of adequate medical treatment for that injury. That case was dismissed on the merits on October 22, 2008. (DE 69 and 74), and the court has denied three motions for relief from judgment. (DE 78, 80, and 85).

> Under the doctrine of *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. The three requirements for *res judicata* under federal law are: (1) an identity of the parties or their privies; (2) an identity of the causes of actions; and (3) a final judgment on the merits. If these requirements are fulfilled, *res judicata* bars not only those issues which were actually decided in a prior suit, but also all issues which could have been raised in that action. Simply put, the doctrine of *res judicata* provides that, when a final judgment has been entered on the merits of a case, it is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.

*Highway J Citizens Group v. United States DOT*, 456 F.3d 734, 741 (7th Cir. 2006) (quotation marks and citations omitted).

The complaint in 3:07cv259 WL establishes that it dealt with the same events as the complaint in the instant case and that St. Anthony's Hospital was a defendant. The record further establishes that Mora sought leave to amend his complaint to "add 'ghost insurance #2,' Doctor James Oliver Hartson, M.D. and two Jane Doe nurses, Constance Morrow, Bob Bugher, and John Dallas as defendants," (DE 74 at 1), but that on May 29, 2008, the court denied his request for leave to amend his complaint to because the claims against the proposed defendants lacked merit.

Comparison of Mora's claims in this complaint and his complaint in 3:07cv259 WL establishes that they both name the same defendants and that both are based on the same operative facts. The docket in 3:07cv259 WL establishes that the St. Anthony Medical Center filed a motion to dismiss, which this court granted, and that the court denied the plaintiff leave to sue Dr. Hartson in 3:07cv259 WL because he stated no claim against Dr.

Hartson upon which relief could be granted. The court dismissed the complaint in 3:07cv259 WL on the merits and with prejudice.

Thus these two complaints have an identity of the parties or their privies and an identity of the operative facts, and the final judgment in 3:07cv259 WL was on the merits. Accordingly, all of the elements necessary for the doctrine of *res judicata* are present. While the plaintiff suggests claims in his current complaint that were not presented in his earlier complaint, the doctrine of *res judicata* bars not only those issues that the parties actually litigated, but also any issue which the parties could have raised in the prior action. *Highway J Citizens Group v. United States DOT*, 456 F.3d at 741.

For the foregoing reasons, the court DENIES the plaintiff leave to proceed *in forma pauperis* in this cause of action and DISMISSES this cause of action pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

SO ORDERED.

DATED: November  4 , 2009

s/William C. Lee
William C. Lee, Judge
United States District Court